RICHARD CROKER, SR., BY HOWARD CROKER, HIS NEXT
FRIEND, *Appellant*, v. BULA E. CROKER, *Appellee*.

Opinion Filed May 8, 1922.

In a suit in the name of a person by his son as next friend
    alleging that the father is mentally incompetent to manage
    his own affairs and that by undue influence exerted by his
    wife he has conveyed large portions of his property to her,
    when it appears from the evidence that the father is fully
    capable of protecting and controlling his own business af-
    fairs, and that his dealings with his property are his own
    competent disposals, no undue influence being shown, the
    bill of complaint was properly dismissed.

An Appeal from the Circuit Court for Palm Beach County; E. B. Donnell, Judge.

Decree Affirmed.

*John T. G. Crawford* and *George C. Bedell,* for Appellant;

*E. J. L'Engle,* for Appellee.

WHITFIELD, J.—A suit was brought. in the name of Richard Croker, Sr., by his next friend Howard Croker, his son, against Bula E. Croker, the wife of Richard Croker, Sr. It is in effect alleged that Richard Croker, Sr., is mentally incompetent to manage his own affairs and that by undue influence exerted by the wife he has conveyed large portions of his property to her. It is prayed that the mental condition of Richard Croker, Sr., be .enquired into, that a committee to take charge of his person and estate be appointed *pendente lite;* that defendant be required to reconvey property conveyed or transferred to her by Richard Croker, Sr. There are also prayers for discovery, and for restraining orders and injunctions to effectuate the relief sought.

Temporary restraining orders were granted. Richard Croker, Sr., by motion to dismiss the bill of complaint, asserted his competency and challenged the right of Howard Croker to maintain the suit. The defendant demurred and by answer controverted the allegations of the bill of complaint. On the motion to dismiss the bill and a motion to dissolve the restraining order, the chancellor heard the oral testimony in person, and, after considering all the affidavits and other evidence, dissolved

the restraining orders and dismissed the bill of complaint. The complainant appealed.

It appears that Richard Croker, Sr., a native of Ireland, was' for many years a prominent citizen and official of New York City, and that for a number of years he has been a large property owner in and a resident of Palm Beach County, Florida; that after the death in New York of his first wife, who was the mother of his children, four of whom are now living, Richard Croker, Sr., in New York City in 1914, in his seventy-third year, married Bula Benton Edmondson; that subsequent to the marriage Richard Croker, Sr., undertook to relieve his son Richard Croker, Jr., of the management of property of the father consisting of real estate and other property mostly in New York that had some years before been committed by the father to the care and control of the son; that unpleasantness as to business and other matters arose between Richard Croker, Sr., and his children, particularly Richard Croker, Jr., all the children being grown and married. The issue was the alleged mental incapacity of Richard Croker, Sr., and the undue influence of his wife over him in the disposition of his property. If he is shown to be mentally capable of managing and disposing of his own property, even his own children have no right to interfere if their vested rights are not thereby invaded. There had been no adjudication of the mental incapacity of Richard Croker, Sr., as a predicate for this suit in his name by next friend; and even if Howard Croker as next friend had a right to maintain this suit to test the mental status of Richard Croker, Sr., the evidence amply sustains the finding of the chancellor (who heard and saw all the witnesses testify, including Richard Croker, Sr.), that he is not incompetent as alleged, but is fully capable of protecting and controlling his own business affairs, and that

his dealings with his property are his own competent disposals. No undue influence by the wife in securing conveyances and transfers of property to her by her husband is shown or can be inferred from the facts and circumstances in evidence to sustain the allegations. The decree of the court was proper and is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.